# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2021

Lyle W. Cayce
Clerk

No. 20-50480
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESSE RAY HARDEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-265-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jesse Ray Hardee appeals his 365-month, within-guidelines sentence for conspiring to possess with intent to distribute 50 grams or more of methamphetamine. He contends that the district court miscalculated the quantity of drugs for which he was responsible in determining his guidelines

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

range.   We review the district court's drug-quantity calculation for clear error.  *See United States v. Eustice*, 952 F.3d 686, 690 (5th Cir.), *cert. denied*, 141 S. Ct. 433 (2020).

Although Hardee contends that the calculation was undermined by the testimony of his mother at sentencing, the district court found that she lacked credibility, and we will not disturb that determination.  *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010).   Hardee's bald contention that the district court improperly relied upon the presentence report lacks merit.  *See Eustice*, 952 F.3d at 691.   Finally, because Hardee challenges his guidelines range, not a mandatory minimum sentence, his reliance upon *United States v. Haines*, 803 F.3d 713, 740 (5th Cir. 2015), is misplaced.  *See United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016).  Hardee fails to show any, much less clear, error.  *See Eustice*, 952 F.3d at 690-91.

AFFIRMED.